UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------x

DR. PETER LAWRENCE,

    Plaintiff,                       **COMPLAINT**

vs.

NORTHWELL HEALTH, INC.,

    Defendant.

----------------------------------------------x

By and through his counsel, Michael Sussman, Esq., plaintiff states and alleges:

## I. PARTIES

1. Plaintiff Dr. Peter Lawrence is a resident of the County of Westchester and an adult of legal age who may sue and be sued.

2. Defendant Northwell Health, Inc. is a corporation organized to do business within this judicial district and employs more than three persons.

## II. JURISDICTION

3. As defendant violated rights provided by and through federal and related state law, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331, 1343(1)(3) & (4), 1367 and 42 U.S.C. sec. 1988.

III. **FACTUAL ALLEGATIONS**

4. Plaintiff is 59 years of age, African-American and has worked as an Emergency Room physician since 1991.

5. Plaintiff worked at Phelps Memorial Hospital starting in 2006.

6. On February 7, 2017, after defendant bought the hospital, the parties entered into a contract which provided for automatic annual renewals of plaintiff's employment unless, at least 120 days before his anniversary date, one party provides notice to the other of its intention not to renew.

7. Effective on or about August 1, 2017, pursuant to this written contract, plaintiff commenced working for defendant at Phelps Memorial Hospital in Sleepy Hollow, New York.

8. Dr. Lawrence has always been a highly regarded member of the Emergency Department and amongst the most rated physicians in the hospital.

9. In September 2011, Dr. Lawrence was a founding member of the New York Medical College Phelps Family Medicine Practice Residency and, thereafter, he trained family practice residents, medical, pre-medical and nursing students.

10. In this capacity and as a practicing physician, Dr. Lawrence developed collegial and respectful relationships with his nursing colleagues.

11. On February 28, 2019, Barry Geller, M.D., the director of the Emergency Room, Tobe Banc, M.D., Northwell's Chief Medical Officer, and Human Resources Emergency Department Director Theresa Rocco called plaintiff to a meeting where they informed him that a Nurse Practitioner, Stacey Humphreys, had accused him of sexual harassment on multiple occasions.

12. Plaintiff vehemently and truthfully denied these allegations.

13. Despite his denials, defendant suspended plaintiff pending an investigation of NP Humphreys' charge.

14. Plaintiff objected, arguing that he had a presumption of innocence, had never engaged in any inappropriate conduct and should not be suspended.

15. Defendant investigated Humphreys' allegations and cleared plaintiff of any sexual harassment.

16. However, during the course of this investigation, it allegedly received complaints that plaintiff treated others "harshly."

17. Defendant never confronted plaintiff with any of these complaints and never notified plaintiff of the details of any of these charges and provided him no opportunity to respond to them.

18. In fact, as plaintiff later learned, those who complained about him were nurses and physicians assistants whose medical judgments he had found it necessary to overrule lest patients be endangered.

19. Under State Law, plaintiff is required to review these subordinates' work and to sign off on medical charts for which they have been the primary care-givers.

20. Plaintiff took this oversight responsibility very seriously and would not pass unspoken medical practices he believed were sub-standard.

21. After he constructively criticized them for medical practices in which they engaged, one Caucasian nurse, Portoro, and one Caucasian Physician Assistant, Hummel, lied about plaintiff to Dr. Geller and openly campaigned to rid the hospital of the plaintiff.

22. Before his non-renewal, plaintiff asked Dr. Geller to take action against those subordinates who engaged in questionable medical care, including, in some cases, "up-coding" billing.

23. Those investigating plaintiff's conduct had reason to know that the accounts provided by several discontent staff were false; one employee, Nina Valentine, informed Human Resources on March 6, 2019 that, while on duty, the aforementioned employees gleefully boasted of their efforts to get rid of plaintiff.

24. Before Dr. Lawrence was terminated, Valentine advised HR that one of his accusers was openly discussing how she would make sure that he never worked at Phelps again.

4

25. White doctors have engaged in far more serious conduct than that with which Lawrence was accused and defendant has maintained/renewed them, treating them in a far more advantageous position than it did plaintiff.

26. For example, Dr. Michael Grasso, a Caucasian urologist at Phelps under contract with defendant and subject to the same by-laws and rules as plaintiff., repeatedly spoke in an abusive way to subordinates but received progressive discipline and was not terminated or non-renewed.

27. Likewise, a Caucasian Emergency Room physician, Dr. Frank Madori, whose verbally abusive conduct [which was made known to defendant] caused a subordinate, Lauren Renda, to want to leave the hospital's employ, but was neither terminated nor non-renewed.

28. Dr. Lawrence was not subject to progressive discipline and his file reflects no warnings about issues with subordinate staff.

29. The charges against Dr. Lawrence were both false and known to be false by those who determined to terminate/non-renew defendant's contract with him.

30. No neutral non-discriminatory reason informed defendant's decision to not renew plaintiff's contract.

31. By dint of defendant's intentionally discriminatory failure to renew plaintiff's contract, it and its agents have caused plaintiff substantial pecuniary

loss, emotional distress, humiliation, embarrassment and loss of professional standing.

## IV. **CAUSES OF ACTION**

32. Plaintiff incorporates paras. 1-31, as if fully re-written herein.

33. By intentionally failing to renew plaintiff's contract on the basis of his race, defendant violated both 42 U.S.C. section 1981a-(a)(1) and section 296 of the Executive Law of the State of New York.

## V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court accept jurisdiction over this matter, convene a jury to hear all issues within its jurisdiction, award to plaintiff compensatory and punitive damages and the attorneys' fees and reasonable costs arising from prosecution of this matter, and order any other relief the court deems just and proper.

        Respectfully submitted,

        MICHAEL H. SUSSMAN [3497]
        SUSSMAN & ASSOCIATES
        PO BOX 1005
        1 RAILROAD AVENUE, Suite 3
        Goshen, NY 10924
        (845)-294-3991
        Counsel for Plaintiff - August 6, 2019